E-FILED
Thursday, 26 June, 2008  11:06:37 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY GROVE and AMANDA GROVE, )<br>   Plaintiffs, )<br> v. )<br> )<br>MANCHESTER TANK & EQUIPMENT )<br>CO. and K.A. BERQUIST, INC. )<br>   Defendants, )<br> )<br>MANCHESTER TANK & EQUIPMENT )<br>CO. , )<br>   Third Party Plaintiff, )<br> v. )<br> )<br>HICKSGAS-PEKIN INC., )<br>   Third Party Defendant. ) | Case No. 07-1263 |

**Consolidated with:**

| | |
|---|---|
| BRADLEY D. CLARK and MICHELLE CLARK, )<br>   Plaintiffs )<br> v. )<br> )<br>MANCHESTER TANK & EQUIPMENT )<br>CO. and K.A. BERQUIST, INC. )<br>   Defendants, ) | Case No. 07-1268 |
| LARRY K. SMITH, JR. and MELISSA SMITH, )<br>   Plaintiffs )<br> v. )<br> )<br>MANCHESTER TANK & EQUIPMENT )<br>CO. and K.A. BERQUIST, INC. )<br>   Defendants, ) | Case No. 07-1280 |

# ORDER

Before the Court is Defendant K.A. Berquist, Inc.'s Motion for Judgment on the Pleadings pursuant to FRCP 12(c). For the reasons set forth below, the Motion for Judgment on the Pleadings [Case No. 07-1263 #13], the Motion for Judgment on the Pleadings [Case No. 07-1268 #16], and the Motion for Judgment on the Pleadings [Case No. 07-1280 #17] are DENIED.

## BACKGROUND

On August 25, 2005, Plaintiffs Jeremy Grove, Bradley D. Clark, and Larry K. Smith, Jr. were injured by an explosion and fire that occurred at facilities operated by Pekin Hicksgas, Inc. ("Hicksgas"). Plaintiffs allege that the explosion resulted from a leaking cylinder tank that was manufactured by Defendant Manchester Tank & Equipment Co. ("Manchester") and sold by Defendant K.A. Berquist ("KAB") to Hicksgas.

On August 23, 2007, Plaintiffs Jeremy and Amanda Grove filed a Complaint in the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois against Defendant Manchester Tank & Equipment Co. for personal injuries and loss of consortium. Plaintiffs Larry K. Smith, Jr. and Melissa Smith as well as Bradley D. Clark and Michelle L. Clark filed similar complaints. The cases were removed to this Court pursuant to 28 U.S.C. § 1441 because diversity jurisdiction exists. These three separate cases have been consolidated for discovery purposes.

KAB moved for judgment on the pleadings, citing its compliance with 735 ILCS 5/2-621. KAB denies control over the design or manufacture of any Manchester tanks

and certifies Manchester as the manufacturer of all tanks that KAB sold to Hicksgas. The motion is fully briefed, and this Order follows.

**DISCUSSION**

A motion for judgment on the pleadings should be granted when the moving party establishes that there is no material issue of fact left to be resolved and that he or she is entitled to judgment as a matter of law. Nat'l Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987); Flora v. Home Fed. Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982). In considering the motion, the Court must consider the pleadings, view the facts in the light most favorable to the nonmoving party, and assume as truthful the facts alleged by the nonmoving party. Nat'l Fidelity, 811 F.2d at 358.

Section 2-621 of the Illinois Code of Civil Procedure is a "seller's exception" that allows nonmanufacturing defendants to escape liability for injuries caused by a defective product. Sims v. Teepak, Inc., 143 Ill. App. 3d 865, 868 (4th Dist. 1986). Under 735 ILCS 5/2-621(a), a nonmanufacturing defendant shall "upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer." After the plaintiff has filed a complaint against the manufacturer, and the manufacturer has or is required to answer or otherwise plead, "the court shall order a dismissal of a product liability action . . . against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section." 735 ILCS 5/2-621(b). Subsection (c) sets out exceptions for dismissal of a nonmanufacturing defendant where the plaintiff can show that the defendant "exercised some significant control over the design or manufacture of the product," "provided instructions or warnings to the manufacturer relative to the alleged defect," "had actual

knowledge of the defect," or "created the defect."  735 ILCS 5/2-621(c)(1)-(3).  Absent a showing by the plaintiffs of any of these exceptions, a defendant who certifies the correct manufacturer may be dismissed from the action.  <u>Logan v. West Coast Cycle Supply Co.</u>, 197 Ill. App. 3d 185, 191 (2d Dist. 1990).  The burden lies with the plaintiff to show that the certifying defendant fits into one of the subsection (c) categories.  <u>Id.</u>

Viewing the complaint in the light most favorable to the plaintiffs, it is unclear without further discovery whether plaintiffs could show that KAB satisfies one of the exceptions to dismissal.  Because that material issue of fact remains to be resolved in this case, a judgment on the pleadings is inappropriate.

## CONCLUSION

For the reasons set forth herein, the Motion for Judgment on the Pleadings [Case No. 07-1263 #13], the Motion for Judgment on the Pleadings [Case No. 07-1268 #16], and the Motion for Judgment on the Pleadings [Case No. 07-1280 #17] are DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 26th day of June, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge